UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE L. STEPHENSON,

                Plaintiff,

CASE NO. 13-CV-13803
HONORABLE GEORGE CARAM STEEH

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

OPINION AND ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (DOC. #17),
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #18), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #10),
GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (DOC. #14) AND DISMISSING CASE

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff Connie Stephenson appeals from the final decision of the defendant Commissioner of Social Security denying her application for disability insurance benefits. Stephenson alleges she is disabled due to bilateral knee pain, carpal tunnel syndrome, obesity and heel spurs with plantar fascitis. The matter was referred to Magistrate Judge Charles E. Binder who issued a Report and Recommendation on September 29, 2014 recommending that Stephenson's motion be denied, that the Commissioner's motion be granted, and that the findings of the Commissioner be affirmed.

Stephenson filed her application for benefits on February 3, 2011, claiming that she had become disabled and unable to work on January 25, 2011, at age 48. Administrative Law Judge ("ALJ") Patricia McKay held a hearing and issued a decision finding that

Stephenson retained the residual functional capacity to perform a limited range of sedentary work that would provide a sit-stand option with occasional need to climb, kneel, stoop, bend or crawl.  The Appeals Council denied Stephenson's request to review the ALJ's decision.  This decision became the Commissioner's final decision.

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court.  42 U.S.C. § 405(g).  The court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *Id.*  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the Commissioner applied the correct legal standard.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Stephenson filed this action requesting review of the Commissioner's decision. Both parties subsequently filed motions for summary judgment.  In coming to a recommendation on the competing motions for summary judgment in favor of the Commissioner, Magistrate Judge Binder found that substantial evidence exists in the record to support the ALJ's conclusion that Stephenson retained the residual functional capacity to perform a limited range of sedentary work.

A party may file timely written objections to a magistrate judge's proposed findings and recommendations.  28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Stephenson raises one objection to the Magistrate Judge's Report and Recommendation. She argues that the Magistrate Judge erred in finding that the ALJ properly discounted the opinion of her treating physician, Dr. Donald Garver. Dr. Garver opined that Stephenson was no longer able to perform her past work as a custodian for the Detroit Board of Education. In addition, Dr. Garver stated that Stephenson would not be able to lift, push, pull or carry, but that she remained capable of performing fine finger manipulations for an entire workday. In October of 2011, Dr. Garver reasoned that Stephenson could sit for an unlimited time and that she would not require a sit/stand option. But one month later, in November of 2011, Dr. Garver opined that Stephenson was "unable to stand for long periods of time and can do virtually no bending and going up and down steps." Stephenson objects to the Magistrate Judge's conclusion that "[t]he medical record contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to bilateral knee and hand pain." Stephenson argues that there was substantial medical evidence supporting Dr. Garver's opinion, including evidence of Stephenson's bilateral knee impairment and heel spurs, and that the ALJ did not provide good reasons for rejecting Dr. Garver's opinion.

The Magistrate Judge correctly concluded that objective medical evidence showed that Stephenson's knee problems were improving with treatment. And as it relates to hand pain, Dr. Garver mentioned Stephenson's diagnosis of carpal tunnel syndrome. But even acknowledging this diagnosis, Dr. Garver opined that Stephenson maintained her ability to use her fine finger manipulation in both the right and left arm. The Magistrate Judge is right

in stating that there is substantial evidence to support the ALJ's decision denying benefits. Although there may also be evidence supporting Stephenson's position, "[s]ubstantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993).

In reaching her conclusion that Stephenson is not disabled, the ALJ properly discounted part of Dr. Garver's opinion. An opinion of a treating physician is entitled to deference unless it is inconsistent with the other substantial evidence in the record, *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009), or there are "good reasons" to reject the treating physician's opinion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The ALJ provided good reasons for rejecting this portion of Dr. Garver's report; namely, as explained above, to the extent that Dr. Garver found Stephenson to be totally disabled, such finding was contrary to the objective medical evidence showing that Stephenson was improving with treatment.

For the reasons explained above, the Court ACCEPTS the Magistrate Judge's report and recommendation (Doc. #17), OVERRULES Stephenson's objections (Doc. #18), DENIES Stephenson's motion for summary judgment (Doc. #10), GRANTS the Commissioner's motion for summary judgment (Doc. #14) and DISMISSES this case.

IT IS SO ORDERED.

Dated: November 19, 2014

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 19, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk